PER CURIAM:
Claimant brought this action for vehicle, boat and boat-trailer damage sustained when the axle of his boat-trailer was struck by a loose board when he was driving across a wooden bridge on State Secondary Route 3/5 in Breeden. State Secondary Route 3/5, at this location, is a road maintained by respondent in Mingo County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on My 8, 1999, at approximately 8:30 p.m. At dusk on the evening in question, Mr. Newsome, his wife Crystal Newsome, and his son were traveling from the lake at East Lynn to their residence in Lenore. They were proceeding across a wooden bridge on State Secondary Route 3/5 in Breeden, about two miles from the Wayne County line. The wooden overlay of the bridge consists of two-inch thick by six-inch wide boards that are sixteen feet long and these are anchored to the structure by four and one-half inch nails. Mr. Newsome was aware that the wooden bridge was often in a state of disrepair. A resident of the area and Mr. Newsome’s mother-in-law, Geraldine Marcum, testified that the bridge is usually in a state of disrepair because of coal truck traffic.
As Mr. Newsome slowly drove his 1989 Toyota Pick-up truck across the bridge, one of the truck’s back tires went over a loose board and raised it up causing it to strike the axle of the boat-trailer which he was hauling. Both the truck and the boat-trailer were stopped suddenly. The impact broke the back axle, damaged the boat, damaged the motor attachments, bent the propeller on the motor of the boat, and damaged the truck’s bumper. The boat-trailer was determined to be non-repairable. Since Mr. Newsome was insured under a liability only motor vehicle insurance policy, he was responsible for the sustained loss estimated in the amount of $1,114.43. Thepositionofrespondent is thatit didn othave notice ofthe condition of the wooden bridge oh State Secondary Rout 3/5 in Mingo County. According to Transportation Worker II Cecil Collins, all of the remaining wooden bridges in Mingo County are being replaced by pre-fabricated bridges. Respondent’s standard operating procedure for maintenance of these remaining wooden bridges is to make a response immediately after a complaint is filed. After each winter, these wooden bridges are inspected. Mr. Collins acknowledged that the remaining wooden bridges are a constant problem because of climate conditions and the structures *223 themselves. Also, Mr. Collins acknowledged that he has received legitimate complaints about the boards on the wooden bridges. Further, Mr. Collins asserted that respondent had spent many hours over a six month period on State Secondary Route 3/5, but he was unable to determine if the wooden bridge in question had been repaired during that time.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive n otice o f t he de feet a nd a r easonable t ime tot ake corrective a ction. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the present claim, the evidence established t hat respondent had actual notice of the condition of the wooden bridge on State Secondary Route 3/5 in Mingo County. The Court is of the opinion that the condition of the wooden bridge in question constituted a hazardous condition and that respondent was negligent in its maintenance of the bridge.
As for the loss sustained by the claimant, the Court has determined the fair and reasonable value of the boat, boat-trailer and truck bumper to be in the amount of $1,000.00, disregarding any salvage. Consequently, there is sufficient evidence on the part of respondent by which claimant may recover his sustained loss.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $1,000.00.
Award of $1,000.00.